# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

KHADRA MOHAMED GALAN,

                               Petitioner,

     v.

CHRISTOPHER J. LAROSE, Warden of the Otay Mesa Detention Facility, San Diego, California, in his official capacity; GREGORY J. ARCHAMBEAULT, Field Office Director, San Diego Field Office, U.S. Immigration and Customs Enforcement, in his official capacity; U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; PAMELA BONDI, Attorney General of the United States, in her official capacity,

                              Respondents.

Case No.:  26cv1042 DMS MSB

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus.

1

26cv1042 DMS MSB

Respondents filed a Return to the Petition, and Petitioner filed a Traverse.  After reviewing the parties' briefs, the Court set the matter for hearing.  Prior to the hearing, Respondents filed a Supplement Brief.  At the conclusion of the hearing, the Court requested supplemental briefs from the parties, which they have now submitted.

Petitioner is a native and citizen of Somalia.  (Pet. at 2.)  She entered the United States without inspection on April 3, 2024, after which she was apprehended by Border Patrol agents.  (*Id.*)  Petitioner was processed and later released on her own recognizance with a Notice to Appear in immigration court on September 9, 2027.

Petitioner complied with the conditions of her release, but on February 20, 2025, she was re-detained outside her attorney's office by agents of the Department of Homeland Security ("DHS").  (*Id.*)  After re-detaining Petitioner, DHS filed a motion to dismiss her pending removal proceedings, which motion was granted on March 10, 2025.  (Pet., Ex. C.)  Petitioner filed a motion asking the immigration judge to reconsider that ruling, but he denied that motion.  *K.M.G. v. LaRose*, Case No. 25cv1356 DMS VET ("*K.M.G. I*"), ECF No. 1 ¶ 31.  Petitioner appealed that ruling to the Board of Immigration Appeals ("BIA").

While that appeal was pending, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.  *See K.M.G. I.*  In that Petition, Petitioner claimed she was being improperly detained under 8 U.S.C. § 1225(b)(1) and that her detention should be governed by 8 U.S.C. § 1226(a).  *Id.*, ECF No. 1 at 12-13.  Assuming § 1226(a) applied, Petitioner also alleged her continued detention without a bond hearing was a violation of her due process rights.  *Id.* at 13.  As part of those proceedings, the parties agreed they would file a joint motion to remand Petitioner's removal proceedings to the immigration court, which they did.  *Id.*, ECF No. 15.  The BIA did not grant that motion but instead dismissed Petitioner's appeal.  *Id.*  Thereafter, DHS served Petitioner with a second Notice to Appear in immigration court on July 14, 2025.  (Pet., Ex. A.)  Those proceedings are currently pending.  *See* https://acis.eoir.justice.gov/en/caseInformation.

In the course of those proceedings, Petitioner moved for a custody redetermination hearing before the immigration judge, *K.M.G. I,* ECF No. 17 at 2, who denied Petitioner's

request on the ground Petitioner posed a flight risk.  (Return, Ex. 2.)  The parties then moved to dismiss Petitioner's habeas case in this Court, which motion was granted on September 26, 2025.  *K.M.G. I*, ECF No. 20.

On February 18, 2026, Petitioner filed the present case in this Court.  The case was initially assigned to the Honorable James E. Simmons, Jr., and later transferred to the undersigned in light of the *K.M.G. I* case.  In the present case, Petitioner alleges her re-detention violated due process, her continued detention has become unconstitutionally prolonged, and Respondents are violating separation of powers principles.  In their initial response, Respondents argued the present Petition was an abuse of the writ and Petitioner had failed to exhaust her administrative remedies.  At the hearing, Respondents conceded Petitioner's prolonged detention claim was properly before the Court, and if the Court agreed with that claim, the appropriate remedy would be another bond hearing.

Turning first to Respondents' abuse of the writ argument, "'[t]he doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus.'" *Barapind v. Reno*, 225 F.3d 1100, 1110 (9th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 470 (1991)).

> "When a prisoner files a second or subsequent habeas petition, the government bears the burden of pleading abuse of the writ.  The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ.  The burden to disprove abuse then becomes petitioner's … If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim."

*Id.* at 1111 (quoting *McCleskey*, 499 U.S. at 494-95).

Here, Respondents have not met their burden to show Petitioner is abusing the writ.  Although this is Petitioner's second habeas petition, Respondents concede Petitioner's prolonged detention claim is properly before the Court.  Furthermore, a numerically

3

26cv1042 DMS MSB

successive petition is not an abuse of the writ if the first petition was "terminated without a judgment on the merits." *Id.* at 1112. That is the case here as Petitioner's first case was dismissed on the parties' joint motion and without a ruling on the merits. Accordingly, the Court rejects Respondents' abuse of the writ argument.

The Court also rejects Respondents' exhaustion argument. Here, Respondents argue Petitioner is challenging the immigration judge's decision to deny her bond, therefore she was required to appeal that decision to the BIA before filing the present case. However, Petitioner is not challenging the denial of her bond request. Rather, she is alleging she was re-detained in violation of due process, that she is being subjected to prolonged detention, and that Respondents are violating separation of powers. Respondents fail to cite any authority requiring exhaustion of these kinds of claims, and thus exhaustion is not a bar to the Court's consideration of the Petition.

Absent abuse of the writ or the need to exhaust, the Court turns to the merits of Petitioner's claims, which Respondents do not address. Petitioner's first claim is that her due process rights were violated when she was re-detained without notice, a hearing, or a showing of changed circumstances. This Court has addressed similar claims in a number of cases. *See*, *e.g.*, *Fanfan v. Noem*, Case No. 25cv3219 DMS (BJW), ECF No. 13. The Court has also held that the respondent's failure to address the merits of a petitioner's claim supports granting the petition. *See Urriola v. LaRose*, Case No. 25-3556 DMS (MMP), ECF No. 7. And in a case similar to the present one, this Court held the respondents' failure to dispute the petitioner's due process claim arising from re-detention without notice warranted granting the petition. *See Zhang v. Marrero*, Case No. 26cv1646 CAB (SBC), ECF No. 12.

This Court agrees with its previous cases and Judge Bencivengo's recent decision in *Zhang*, and for the reasons stated therein, grants the present Petition. Respondents shall release Petitioner from custody forthwith, and shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove there are material, changed circumstances related to flight risk or danger to the

26cv1042 DMS MSB

community that warrant Petitioner's re-detention. The parties shall file a Joint Status Report within 72 hours of this Order's filing, confirming Petitioner has been released.

**IT IS SO ORDERED**.

Dated: May 11, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv1042 DMS MSB